GREENLEAF (KELLEY v.). See Case No. 7,657.

GREENLEAF (KNOX v.). See Cases Nos. 7,908 and 7,909.

## Case No. 5,779.

### GREENLEAF v. MAHER et al.

[2 Wash. C. C. 44.][1]

Circuit Court, D. Pennsylvania. April Term, 1807.

INJUNCTION—STAY PROCEEDINGS AT LAW — JUDGMENT.

1. An injunction was obtained to stay proceedings on a judgment rendered under the following circumstances. G. drew two bills of exchange in favour of M. on S., who accepted them for the accommodation of G., who afterwards became bankrupt, and obtained his certificate. S. made an assignment of certain effects to M. to secure his acceptances, and after the date of the certificate of S., arrested him in New-Jersey, and took from him the note upon which the judgment was obtained, which judgment was for the use of M.

2. The court refused to dissolve the injunction, as no money had been paid by S., but deemed the whole a contrivance to get rid of G.'s discharge under the bankrupt law.

[Cited in Parks v. Ingram, 22 N. H. 292.]

3. By a special action on the case, S. might recover from G. what he had actually paid to M.

In equity. The case, as it appears from the bill and answer, is shortly as follows. The plaintiff drew two bills of exchange on Smith for 8000 dollars each, payable at four and six months; which Smith accepted for

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

the accommodation of the plaintiff. These bills were drawn in favour of Maher, who endorsed one of them to A. Harper. Smith assigned to a trustee, a claim he had against Sir W. Pulteney and W. Hornby, to satisfy two judgments obtained against him on these bills, in 1801, and in 1805. Maher delivered up the acceptance which he had for 8000 dollars, and gave a receipt in full of the judgment, which thereby became satisfied; and satisfaction was accordingly entered on the record thereof. Still further to secure the said Maher, Smith, in 1805, assigned to Nathaniel Pendleton, all debts due to him from the plaintiff, on account of money paid by Smith for the plaintiff, as his surety, in consequence of his acceptance of his bills, and on any other account; and also a claim he has against the government of France; subject, nevertheless, to the claims of Grayham, Rogers & Pitcairn; and also any contingent right of Smith in certain property previously conveyed to Mr. Troup, in trust for paying a large sum due to different persons: after that trust was executed, all the property so assigned, was in trust, to pay first his debt to Maher, and then the one due to Harper. This deed recites the assignment of the claims against Pulteney & Hornby, which it declared to be yet subsisting.

A suit was brought in the circuit court of Pennsylvania, by Smith, against Greenleaf, to recover the amount of the acceptance to Maher, on which no bail was taken. The defendants consider this suit as brought for the benefit of Smith, inasmuch as the money to be recovered therein, is with other effects, assigned as collateral security for the debt due to Maher; and if that debt should be paid out of the other trust property, the money recovered from Greenleaf, would go solely to Smith. They admit, however, that so far as the money, when recovered, will go to Maher to satisfy his claim against Smith, he has an interest in the suit. Suits are now depending against Pulteney & Hornby for the same purpose. Sometime in 1806, the plaintiff being in New-Jersey, was arrested at the suit of Smith, and held to bail for 35,000 dollars, the suit being to recover the amount of the two acceptances before mentioned; the suit in Pennsylvania still depending. The plaintiff was unable to give bail, whereupon a compromise took place between Mr. Lawrence, the agent and attorney at law of the plaintiff, and the attorney for the defendant, Smith; whereby the latter agreed to accept the note of Greenleaf for 2000 dollars, endorsed by Lawrence, to be applied in all events towards the discharge of the acceptance for 8000 dollars, for which the suit in Pennsylvania was brought; and on receiving this note, Greenleaf was discharged from the custody of the sheriff, and the suit in New-Jersey dismissed. On the 11th of January 1803, a commission of bankruptcy issued against the complainant, and his certificate was signed on the 29th of April

in the same year. The plaintiff having obtained an injunction to prevent the transfer of the note for 2000 dollars, a motion was now made to dissolve it.

WASHINGTON, Circuit Justice. If it appeared that the bill had been fairly paid by Smith, by means of property sold to the holder, or conveyed in trust for payment to his satisfaction, and the bill was given up, we should think that it was nothing to Greenleaf how it was paid. But it appears that the whole business has been conducted with a view to save Smith; and it does not appear to the court, nor is it even averred by the answer, that the trust property, exclusive of the claim against Greenleaf, is worth a cent —much less enough to pay the acceptances. If so, then the case stands as if Maher, whose claim against Greenleaf was defeated by the certificate, had merely appointed Smith, who was ultimately liable to him, to sue Greenleaf in his name, but for the use of Maher; and to enable him to do so, he acknowledged satisfaction received upon the bill. Smith in fact pays nothing, but receives the debt, and pays over the money to Maher. But this cannot be done. He can only recover, in a special action on the case, so much as he has paid. It would, therefore, be premature to dissolve the injunction. until we can ascertain the value of the other property assigned to pay Maher. The motion to dissolve the injunction refused.

[See Case No. 5,780.]

## Case No. 5,780.

### GREENLEAF v. MAHER et al.

[2 Wash. C. C. 393.] 1

Circuit Court, D. Pennsylvania. Oct. Term, 1809.

INJUNCTION — STAY PROCEEDINGS AT LAW—JUDGMENT.